ACCEPTED
12-13-00041-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
2/16/2015 8:05:02 PM
CATHY LUSK
CLERK

## NOS. 12-13-00041-CR and 12-13-00042-CR

## IN THE COURT OF APPEALS FOR THE

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
2/16/2015 8:05:02 PM
CATHY S. LUSK
Clerk

## TWELFTH DISTRICT OF TEXAS

## AT TYLER

-----------------------------------------------------------------

## NOS. 007-1663-11 and 007-1664-11

## IN THE 7th DISTRICT COURT

## OF SMITH COUNTY, TEXAS

-----------------------------------------------------------------

DAVINA WILSON MOORE,                    APPELLANT

V.

THE STATE OF TEXAS,                     APPELLEE

-----------------------------------------------------------------

## APPELLANT'S MOTION TO STAY
## ISSUANCE OF THE MANDATE

-----------------------------------------------------------------

**Morris L. Overstreet**          **Winston E. Cochran, Jr.**
Attorney at Law                   Attorney at Law
Texas Bar No. 00000046            Texas Bar No. 04457300
P.O. Box 35                       P.O. Box 2945
Prairie View, TX 77446            League City, TX 77574
Tel. (512) 844-8357               Tel. (713) 228-2064

Attorneys for Appellant

**TO THE HONORABLE COURT OF APPEALS:**

COMES NOW the appellant in these causes, Davina Wilson Moore, through the undersigned attorneys, and respectfully requests that this Court stay issuance of the mandates in Cause Numbers 12-13-0004-CR and 12-13-00042-CR, pursuant to TEX. R. APP. PROC. 18.2. In support of this motion, the appellant submits the following.

1. The appellant was indicted in Cause Number 007-663-11 for possession of a controlled substance, namely less than a gram of hydromorphone, in a drug free zone, and she was indicted in Cause Number 007-664-11 for possession of marijuana, in an amount between four ounces and five pounds, in a drug free zone. Prior to trial the appellant sought suppression of evidence in both cases, contending that the seizure of marijuana from her home violated U.S. CONST. Amend. IV. The district court judge held that the evidence was admissible.

2. The two causes then proceeded to trial together. A jury found Moore guilty in each cause (RR IX-185).[1] The jury assessed punishment at confinement in the Texas Department of Criminal Justice, Correctional Institutions Division, for two years in the hydromorphone case (RR X- 105-106). The jury assessed a five-year prison term in the marijuana case but recommended that the sentence be suspended

---

[1] For portions of the appellate record cited herein, volumes are designated with Roman numerals and pages with Arabic numerals.

for a period of five years, as well as assessing a $5000 fine (RR X- 105-106).

3.     The appellant gave timely notice of appeal in each cause. The appellant's brief included an argument that evidence was seized from the appellant's house in violation of U.S. CONST. Amend. IV. That included evidence pertinent to both cause numbers, as the hydromorphone was found in the course of search procedures aimed at the seizure of suspected marijuana.

4.     This Court affirmed the judgment in both causes on May 30, 2014 in a memorandum opinion. The Court ruled on the merits of the Fourth Amendment issues. The appellant timely filed a motion for rehearing, which was denied on July 3, 2014.

5.     The appellant was granted an extension of time to file a petition for discretionary review in both causes, and the appellant timely filed a petition in both causes on September 18, 2014. The first two questions presented in the petition were as follows:

> Did the Court of Appeals err in Number 12-13-00041-CR by upholding the warrantless search of Moore's home under an "exigent circumstances" rationale?

> Did the Court of Appeals err in Number 12-13-00042-CR by upholding the warrantless search of Moore's home under an "exigent circumstances" rationale?

6.     The Court of Criminal Appeals refused discretionary review in both

2

causes on November 5, 2014. The appellant timely filed a motion for rehearing, which included the following reason for rehearing:

> This Court should reconsider Questions One and Two because the Court of Appeals' decision seriously undermines Fourth Amendment protection of a family home.

Rehearing was denied on February 11, 2015.

7. The appellant has preserved an issue of Fourth Amendment law for potential review by the Supreme Court. The last published decision of a Texas appellate court which included a statement of judicial reasoning was this Court's memorandum opinion on May 30, 2014. Accordingly, the Supreme Court would issue a writ of certiorari to this Court if the Supreme Court determined that these causes deserved review by that Court.

8. TEX. R. APP. PROC. 18.2 provides that a party may move to stay of the mandate for ninety days pending the United States Supreme Court's disposition of a petition for writ of certiorari.

9. The motion must state the grounds for the petition. The substance of the grounds for the petition will be the same as the substance of the two questions presented in Paragraph 5 above, although the wording may vary slightly.

10. Rule 18.2 does not require a showing of a likelihood of success if a petition for writ of certiorari is filed. The Supreme Court receives so many petitions

3

that it would be foolish to attempt to predict the likelihood of success. There are, however, at least two factors which may make these causes "stand out from the crowd" in the Supreme Court's consideration. First, due to *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037, 49 L.Ed.2d 1067 (1976), neither the Supreme Court nor lower federal courts could grant relief under the auspices of 28 U.S.C. §2254. For that reason, the Supreme Court might consider the need to discuss the Fourth Amendment issues to be more pressing at this time, since there will not be an opportunity to do so under Section 2254. Second, while recent Fourth Amendment decisions such as *Missouri v. McNeely*, __ U.S. __, 133 S.Ct. 1552, 185 L.Ed.2d 696 (2013) and *Heien v. North Carolina*, __ U.S. __ (No. 13-604, December 15, 2014) have focused on the application of Fourth Amendment principles on public highways, and *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, __ L.Ed.2d __ (2014) was concerned with cellular phones, it must not be forgotten that the area most entitled to Fourth Amendment protection is a person's home. As *Florida v. Jardines*, 569 U.S. __, 133 S.Ct. 1409, 1414, 185 L.Ed.2d 495 (2013) observed: [W]hen it comes to the Fourth Amendment, the home is first among equals." The Supreme Court may be ready to turn its Fourth Amendment searchlight back towards the home.

11.     Rule 18.2 does require a showing of the circumstances justifying the stay, and particularly requires means some showing of harm if there is no stay and the

Supreme Court eventually reverses the state court decision. The appellant will be harmed because she presently is engaged in administrative proceedings regarding her license as a nurse. A nursing license is obtained only after considerable dedication of time, effort, and resources, and the loss of it would be a significant harm. Obviously a district court judgment could have a material effect in the proceeding. Beyond that, it is extremely difficult to participate in state administrative proceedings while incarcerated, as the proceeding customarily are conducted in Austin. The prison units for women are in Gatesville and Marlin, and simply transporting a prisoner from either location, one-way, would consume several hours.

12. A further harm lies in the effects of the discrepancy between the prison sentence assessed against the appellant and the placement of her husband under community supervision. The testimony of police officers in the appellant's trial makes it abundantly clear that the appellant's husband was regularly engaged in the distribution of marijuana. The appellant's young children would be better served by having their mother, *i.e.* the appellant, remain in the community. Yet it is their father, the marijuana merchant, who would remain in the community and be the only parent to have access to the children if the appellant is shipped off to prison before the Supreme Court can examine these causes. This Court has no power to impose on the appellant's husband the prison sentence which he may deserve, but it does have the

5

power to make sure that a prison sentence is not prematurely imposed on the appellant.

13. The appellant's affidavit concerning factual matters is attached to this motion.

## PRAYER FOR RELIEF

Wherefore the appellant prays that this Court stay the mandate in these causes.

Respectfully submitted,

/s/ Morris L. Overstreet
Morris L. Overstreet
Attorney at Law
Texas Bar No. 00000046
P.O. Box 35
Prairie View, TX 77446
Tel. (512) 844-8357

/s/ Winston E. Cochran, Jr.
Winston E. Cochran, Jr.
Attorney at Law
Texas Bar No. 04457300
P. O. Box 2945
League City, TX 77574
Tel. (713) 228-0264

Attorneys for Appellant

**STATE OF TEXAS**

**COUNTY OF ANGELINA**

## AFFIDAVIT OF DAVINA MOORE

Before the undersigned authority on this day appeared Davina Moore, who having identified herself, stated and deposed as follows:

I, Davina Moore, am the appellant in Cause Numbers 12-13-00041-CR and 12-13-00042-CR in the Court of Appeals. I have met at Lufkin, Texas with my attorneys in these causes and have reviewed the foregoing motion. I attest, based on my personal knowledge, that the factual matters concerning my personal situation, as set forth in the motion, are true and correct. I also have personal knowledge that my husband was placed on community supervision.

_Davina Moore_
Davina Moore

Sworn to and subscribed before me, the undersigned authority, at Lufkin, Texas on _February 16_, 2015.

JOANNA M. TALIAFERRO
Notary Public
State of Texas
My Commission Expires
03-20-2018

_Joanna M. Taliaferro_
Notary Public in and for
Angelina County, Texas

7

## CERTIFICATE OF SERVICE

I certify on this the 16th day of February, 2015 a copy of this motion is being electronically served on counsel for the State, and because February 16 is a federal holiday, a copy will be mailed when the post office is open on February 17, 2015 to the following address:

Smith County District Attorney's Office
Attention: Michael J. West
100 N. Broadway
Tyler, TX 75702

/s/Winston E. Cochran, Jr.